UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Triple Crown Nutrition, Inc.,

Plaintiff,

v.

Old Republic Insurance Company,

Defendant,

Civ. File No. 01-292 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on cross-motions for summary judgment in this insurance coverage dispute. Plaintiff's Motion is a motion for partial summary judgment.[1] Defendant's Motion seeks summary judgment on all counts of Plaintiff's Complaint. For the reasons that follow, the Court grants Defendant's Motion and denies Plaintiff's Motion.

**BACKGROUND**

Plaintiff Triple Crown Nutrition, Inc. ("Triple Crown") seeks defense from its insurer, Old Republic Insurance Company ("Old Republic"), for a lawsuit brought against Triple Crown. Old Republic claims that the relevant insurance policy does not cover the type of injury alleged in the lawsuit, or that, in any event, policy exclusions operate to preclude the defense Triple Crown seeks.

---

[1] Plaintiff's papers do not specify on which of its claims Plaintiff is seeking summary judgment. Indeed, Plaintiff's proposed order states that, "Judgment shall be entered . . . in favor of Plaintiff on all claims."

FILED DEC 17 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 17 2001
DEPUTY CLERK

Triple Crown manufactures and sells feed and "nutraceuticals" for horses.[2] The underlying lawsuit arose out of Triple Crown's entry into the equine nutraceutical market in 1999. Two companies, W.J. Bartus, Inc. and Neogen Corp., brought suit against Triple Crown in June 2000, alleging that Triple Crown was infringing on the companies' common-law trademark in the name "Triple Crown." Triple Crown tendered the Complaint to Old Republic, asserting that Old Republic had a duty to defend and indemnify Triple Crown under the "advertising injury" portion of the policy.

In relevant part, the policy provides that Old Republic "will pay those sums that the insured becomes legally obligated to pay as damages because of . . . '[a]dvertising injury' caused by an offense committed in the course of advertising [Triple Crown's] goods, products or services." (Walvoord Aff. Ex. B at Coverage B(1)(a) and (b).) According to the policy

> "Advertising injury" means injury arising out of one or more of the following offenses:
>
> a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
>
> b. Oral or written publication of material that violates a person's right of privacy;

---

[2] According to Triple Crown, "Nutraceuticals are products containing herbs or chemicals that are not recognized nutrients but that work with nutrients to improve their function and that may also have nutritional value." (Pl.'s Supp. Mem. at 2.)

c. Misappropriation of advertising ideas or style of doing business; or

d. Infringement of copyright, title or slogan.

(Id. at Section VI (1).) In pertinent part, the policy excludes coverage for any advertising injury that "[arises] out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity." (Id. at Coverage B(2)(a)(1).)

**DISCUSSION**

Summary judgment is appropriate if there is no genuine issue of material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). As the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." Celotex, 477 U.S. at 327.

The parties do not dispute that Minnesota law governs this case. Under Minnesota law, in an action in which an insured seeks a declaratory judgment that its insurer has a duty to defend, ambiguity as to coverage is resolved in favor of the insured. Bituminous Cas. Corp. v. Bartlett, 240 N.W.2d 310, 312 (Minn. 1976) (overruled in part on other grounds by Prahm v. Rupp Constr. Co., 277 N.W.2d 389, 391 (Minn. 1979)). If "any part of the claim is 'arguably' within the scope of the policy's coverage," the insurer has a duty to defend, and "an insurer who wishes to escape that duty has the burden of showing that all parts of the

cause of action fall clearly outside the scope of coverage." Jostens, Inc. v. Mission Ins. Co., 387 N.W.2d 161, 165-66 (Minn. 1986). However, "[w]here the pleadings [in the underlying suit] do not raise a claim arguably within the scope of coverage, the insurer has no duty to defend or investigate further to determine whether there are other facts present which trigger such a duty." Garvis v. Employers Mut. Cas. Co., 497 N.W.2d 254, 258 (Minn. 1993). If, after an examination of the policy and claims, a court determines that coverage does not exist, the court need not consider the duty-to-defend issues. See Krawczewski v. Western Cas. & Sur. Co., 506 N.W.2d 656, 660 (Minn. Ct. App. 1993). Triple Crown alleges that Old Republic has a duty to defend in the underlying action because coverage arguably exists within the definition of advertising injury in the policy.

Under Minnesota law, advertising injury coverage is triggered if: (1) the advertising injury occurs during the course of the insured's advertising activities; (2) the injury arguably falls within the policy's defined scope of advertising injury coverage; and (3) none of the policy exclusions applies. See Fluoroware, Inc. v. Chubb Group of Ins. Cos., 545 N.W.2d 678, 681 (Minn. Ct. App. 1996); Polaris Indus., L.P. v. Continental Ins. Co., 539 N.W.2d 619, 621 (Minn. Ct. App. 1995). As previously noted, if any part of an underlying action is "arguably within the scope of coverage, the insurer must defend." Fireman's Fund Ins. Co. v. Hartford Fire Ins. Co., 73 F.3d 811, 816 (8th Cir. 1996). Old Republic argues that Triple Crown has failed to satisfy any of the three factors listed above. The real dispute, however,

centers on whether the claims of trademark infringement in the underlying action constitute "advertising injury" covered by the policy.

There are two competing cases on point. One is an unpublished decision of the Minnesota Court of Appeals, Williamson v. North Star Cos., No. C3-96-1139, 1997 WL 53029 (Minn. Ct. App. Feb. 11, 1997), review denied (Apr. 15, 1997). Williamson held that trademark infringement constitutes advertising injury. The other case is an opinion of the Eighth Circuit, Callas Enters., Inc. v. Travelers Indemnity Co. of Am., 193 F.3d 952 (8th Cir. 1999). In Callas, the Eighth Circuit affirmed an Order of this Court and held that trademark infringement did not constitute advertising injury. See generally Louis J. Speltz and Ann S. Grayson, Is That Your Final Answer?: Are Insureds Entitled to Insurance Coverage for Trademark Infringement?, 23 Hamline L. Rev. 348 (2000) (discussing the conflict between Williamson and Callas).

In Williamson, the court determined that trademark infringement was included in the definition of advertising injury because in the policy's definition the word "title" appears in the same clause with the word "copyright." Williamson, 1997 WL 53029 at *4. Thus, according to the court, the definition intended "title" to mean "title" in an intellectual property sense, and this sense of "title" included trademark. Id. The court in Callas, on the other hand, held that trademark infringement did not fall within the "copyright, title, or slogan" provision of the advertising injury definition. Callas, 193 F.3d at 956. The court based its holding in large part on the notion that, had the insurer intended to cover trademark

infringement, it would have specifically referenced trademark infringement within the policy. See id.

Both Williamson and Callas are very similar factually to the instant situation. Indeed, both cases involve policy language that is identical to the language quoted above. Old Republic points out that unpublished decisions are not binding precedent under Minnesota law, but as Triple Crown notes, the Williamson decision is the only Minnesota decision on this issue, and is persuasive authority for how Minnesota views the trademark-infringement-as-advertising-injury debate.

This Court is constrained to follow holdings of the Eighth Circuit Court of Appeals. Duffy v. Currier, 291 F. Supp. 810, 813 (D. Minn. 1968) (Neville, J.) ("This court is governed by existing Eighth Circuit cases until, if at all, such are overruled."). Williamson may be persuasive authority, but Callas is binding authority. The holding of Callas is clear: trademark infringement does not constitute advertising injury under the language of the form insurance policy at issue here. Callas, 193 F.3d at 956-57. Unless the Eighth Circuit or the Minnesota Supreme Court announce a different interpretation of Minnesota law, the Court must follow this holding. Thus, Old Republic does not have a duty to defend Triple Crown and Old Republic's Motion for Summary Judgment must be granted.

**CONCLUSION**

Accordingly, for the foregoing reasons, and upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Partial Summary Judgment (Clerk Doc. No. 15) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Clerk Doc. No. 18) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 14, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*